## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GWENDOLYN S. HOLMES,            §
                               §
      Petitioner,            §
                               §
v.                             §            CIVIL ACTION H-05-3057
                               §
FEDERAL BUREAU OF PRISONS,      §
                               §
      Respondent.            §

## <u>MEMORANDUM ON DISMISSAL</u>

Petitioner, Gwendolyn S. Holmes, brings this action seeking habeas corpus relief under 28 U.S.C. § 2241. The Petitioner is presently in the custody of the Federal Bureau of Prisons (BOP). She is incarcerated in the Federal Prison Camp in Bryan, Texas. Petitioner was found guilty of maintaining a place for the purpose of distributing a controlled substance. The district court sentenced her to a 36-month prison term on June 23, 2004 with a recommendation of placement in the Intensive Confinement Center (ICC) or Boot Camp Program.

### I. CLAIMS

Petitioner's claims follow. The district court recommended the ICC Program for Petitioner and she "specifically contemplated" this when she entered a plea agreement with the government. If Petitioner had been placed in the ICC Program, she would have completed her sentence by serving 18 months imprisonment, six months in a

halfway house, and six months of home confinement.  Instead, she will serve 36 months imprisonment.

On January 5, 2005, Harley Lappin, the BOP Director, cancelled the ICC program without notice to Petitioner or the United States Courts.  This cancellation without notice violated the notice-and-comment requirements for agency rulemaking under the Administrative Procedure Act.  5 U.S.C. § 553.  The cancellation also violated the Due Process Clause and the Ex Post Facto Clause and frustrated the sentencing court's intent.

## II. STANDING

Petitioner implicitly claims she was harmed because she did not have the opportunity to participate in the ICC Program.  In her request for relief, she states the "Court should grant relief by correcting Petitioner's sentence and imposing a sentence that would affect [*sic*] the sentencing Court's original intent."  She further states "the Court should appropriately correct the Petitioner's sentence to 18 months of imprisonment,  6 months of  halfway house, and 6 months home confinement."

The boot camp program was authorized by statute in 1990.  18 U.S.C. § 4046. Congress authorized the Bureau of Prisons to "place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30 months."  18 U.S.C. § 4046(a).  The shock incarceration program, the federal

2

boot camp program, and the Intensive Confinement Center are synonymous. *Castellini v. Lappin*, 365 F.Supp.2d 197, 198 (D. Mass. 2003).

Placement in the program required following a program of strict discipline, physical training, hard labor, drill, military type ceremonies, and participation in job training and educational programs. 18 U.S.C. § 4046. Successful completion of the boot camp program could entitle an inmate to early release consideration. 28 C.F.R. §§ 524.32. An inmate who successfully completed the institution-based component of the program ordinarily would have been eligible to serve the remainder of his sentence in a community-based program. 28 C.F.R. § 524.32(d). An inmate who was also successful in a community-based program, and had a period of supervised release to follow, would have been eligible for up to a six-month reduction in their sentence. 28 C.F.R. § 524.32(d). In January 2005, the BOP terminated the boot camp program for budgetary reasons. *Alpert v. Lappin*, 2005 WL 1610718, *1 (M.D. Fla. Jul. 5, 2005).

Congress and the Attorney General granted the BOP authority to administer the federal prison system. 18 U.S.C. §§ 4001, 3621 (granting Executive Branch authority to administer the federal prison system); 28 C.F.R. § 0.96 (Attorney General's delegation of authority to BOP). Under 18 U.S.C. § 3621(b), the Bureau of Prisons has the authority to decide the place of the prisoner's imprisonment. "[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion

3

of the sentence.  Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons." *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. 2000).  In *United States v. Addonizio*, 442 U.S. 178 (1979), the Supreme Court held that a prisoner's expectation that he would serve his sentence in a particular way provided no basis for collateral relief.

The Fifth Circuit has said "only the Bureau of Prisons has the actual authority to designate the place of incarceration. . . . The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences." *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993).  Specifically, placement in the boot camp program is within the "sound correctional judgment" of the Bureau of Prisons and depends upon the "availability of Bureau resources."  28 C.F.R. § 524.31(b).  Consideration for placement in the ICC program is solely within the BOP's discretion.  *Id.*, *Gissendanner v. Menifee*, 975 F.Supp. 249, 251 (W.D. N.Y. 1997).  There is no allegation or showing that BOP officials would have transferred Petitioner to the boot camp if the program still existed.

Article III standing has three elements: "First, the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of

4

.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *United States v. Hays*, 515 U.S. 737, 742-43 (1995) (citation and quotations omitted).   The Supreme Court has stated that "[s]tanding is a jurisdictional requirement that focuses on the party seeking to get his or her complaint before a federal court and not on the issues he or she wishes to have adjudicated." *Lincoln v. Case*, 340 F.3d 283, 289 (5th Cir. 2003) *(*quoting *Hays*).  A petitioner must "clearly. . . allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Petitioner does not state that BOP officials had screened her for the ICC Program at the Bryan Federal Prison Camp.  28 C.F.R. §§ 524.31(a), (b); 524.32(a).  She does not claim that she has either begun or completed any orientation.  She does not specifically allege that she would have wanted to participate in the rigorous program. 18 U.S.C. § 4046(b);  28 C.F.R. § 524.30; 28 C.F.R. § 524.32(a) ("eligible inmate ... must .. forego opportunities which may be otherwise available.... Opportunities may that may be affected include, .... visitation, telephone use, legal research time, religious practices, commissary, smoking, and grooming preferences").  Further, there is no showing that Petitioner was eligible for the program.  28 C.F.R. § 524.31(a).  There is no showing that BOP officials would have accepted her.  28 C.F.R. § 524.31(b).  Even

assuming Petitioner was deemed eligible and accepted into the program, there is no showing that she would have completed the rigorous program such that she would be entitled to the only relief she seeks.

Petitioner asks this Court to correct her sentence and impose a sentence that would bring about "the sentencing Court's original intent," meaning participation in the ICC Program. She also says the Court should correct her sentence to 18 months of imprisonment, 6 months of halfway house, and 6 months home confinement. To the extent Petitioner directly challenges her sentence, this request for relief belongs in a motion under 28 U.S.C. § 2255 collaterally attacking her sentence. *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111, 1113 (5th Cir.1990) (when a prisoner attacks his conviction concerning errors which occurred at trial or sentencing, a motion under 28 U.S.C. § 2255 is the proper remedy); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.) *cert. denied*, 534 U.S. 1001 (2001) (a petition under 28 U.S.C. § 2241 is the appropriate vehicle to challenge the manner in which a sentence is executed). A motion under 28 U.S.C. § 2255 should be presented to the sentencing judge. *See* Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 4(a).

In so far as Petitioner challenges the execution of her sentence, she has no Article III standing for any of the relief she seeks. To have standing, a complainant must clearly allege facts demonstrating that he is a proper party to invoke judicial

resolution of the dispute and the exercise of the court's remedial powers.  *Warth,* 422 U.S. 508.

Under the "injury in fact" element, allegations of speculative future injury do not suffice.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-03 (1983).  A future injury satisfies the "imminence" requirement only if the injury is "certainly impending." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 n. 2 (1992).  The concept of imminence is intended to ensure that the plaintiff's alleged injury is not overly speculative.  *Id*.

Here, Petitioner has suffered no injury in fact under the first element of standing because she has not alleged or shown that she was screened for the ICC program, that she knew its rigorous nature and negative aspects, that she was eligible, that she would have been accepted into the program, or that she would have entered the program following orientation and successfully completed the program.  She would have had to successfully complete the program to be entitled to the relief she seeks.

The only way for this Court to grant Petitioner the relief she seeks—a correction or modification of her sentence to 18 months of imprisonment, 6 months of  halfway house, and 6 months home confinement—is if Petitioner were accepted into the ICC Program and successfully completed it.  28 C.F.R. §§ 524.32(d); 524.33.  Petitioner does not and can not show this.  "Even if [petitioner] had met the length-of-sentence requirement at that time such that she arguably suffered an injury in fact when the

program was terminated, her future acceptance into the program is within the discretion of the Bureau of Prisons and thus the threat of future injury would be too speculative to find Article III standing to seek the prospective relief requested in Petitioner's Motion." *Alpert v. Lappin*, 2005 WL 1610718, *2 (M.D.Fla. 2005) (ruling on TRO request), citing *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265-66 (11th Cir.2001).

Petitioner also cannot meet the third part of the standing test for the reasons explained above.  It is not likely, it is only speculative, that the injury she claims can be redressed.  It certainly cannot be redressed with the relief she seeks.  For Petitioner to have standing, she must allege facts which show that she "personally would benefit in a tangible way from the court's intervention." *Warth*, 422 U.S. at 508 (1975). Petitioner's claims and allegations do not make this showing.  The relief Petitioner seeks is premised on her admission into the ICC Program *and* her successful completion of it.  Under Petitioner's pleadings, a challenge to the execution of her sentence essentially equals a request that this Court order the reinstatement of the ICC Program, order that Petitioner be placed in the ICC Program, and order that she be deemed to have successfully completed it.

Petitioner's claims, including her requests for relief, are too speculative to meet the threshold requirement of Article III standing.  Alternatively, her request for relief belongs in a motion under 28 U.S.C. § 2255, not in this habeas corpus petition under

28 U.S.C. § 2241.

### III. CONCLUSION

Accordingly, it is ORDERED that this habeas corpus petition be DISMISSED

for lack of jurisdiction.  All pending motions and requests for relief are DENIED.

SIGNED at Houston, Texas, on this 9th day of November, 2005.

_____

DAVID HITTNER

United States District Judge